HILLARD S. HURLBURD, Appellant,

*vs.*

JOHN W. FREELOVE, Appellee.

APPEAL IN EQUITY FROM THE RACINE CIRCUIT COURT.

A rehearing is not necessary or proper to relieve a party against a decree which is invalid, inasmuch as his rights are not prejudiced thereby.

rehearing will not be ordered after a decree of foreclosure, where it is apparent from the petition, that a decree for the same amount would be made upon the facts presented by the petition.

False and fraudulent representations as to the amount of encumbrances upon the mortgaged premises, made to prevent redemption, or bidding at the sale upon a decree of foreclosure, are not grounds for re-hearing, but for bill. [Or, if made at the sale to deter bidding, and are timely known to the defendant, they may be made the ground of motion for re-sale, or for resisting confirmation.]

On the 4th day of November, 1853, John W. Free-love filed his petition in the Racine Circuit Court, for a re-hearing in a certain cause in the late District Court in the territory of Wisconsin, for said county, in chancery, between Hillard S. Hurlburd and Obid Hurlburd, plaintiffs, and John W. Freelove, defendant.

At the April term of said Circuit Court, 1854, the said Hillard S. Hurlburd moved the court to dismiss said petition, which was overruled with costs, from which order the said Hurlburd has appealed to this court.

The case is now presented here upon an agreed statement of facts, which is substantially as follows: On the 23d day of June, 1840, the said Hillard S. and Obid Hurlburd, filed their bill in the District Court in chancery, against the said John W. Freelove, for the foreclosure of a certain mortgage on lands in

Racine county, executed by said Freelove to one John B. Wade, and afterwards assigned by said Wade to said complainants, and a subpœna was issued out of said court to the said Freelove, returnable on the first Monday in July next ensuing; which subpœna was returned "not served July 1st, 1840, defendant not found." On the 11th July, 1840, an order of publication was made by the court founded upon affidavit of Thomas Wright, one of the solicitors for the complainant, requiring the defendant to appear, plead, answer or demur, &c., and that the same be published, &c. Signed "By the Court."

The order was published, and the defendant not appearing at the time specified, an order was entered taking the bill as confessed, referring the case to one of the masters of said court, to compute, ascertain and report to the court, the amount due upon said mortgage, and on the 17th November, 1840, the master made and filed his report in said court, stating the sum for principal and interest due, to be four hundred and forty-four dollars and two cents; which said report is endorsed as follows: "November 20th, 1840, confirmed. By the Court."

On the 20th November, 1840, a decree of forclosure and sale in the usual form was pronounced by the said District Court, a fair and engrossed copy of which was made and signed as follows: " By the Court." And the bill, reports, orders and all the papers appertaining to the cause, were immediately attached together by the clerk, and filed in his office, and now remain on file in the office of the clerk of the Circuit Court for said county.

The agreed statement of facts further sets forth that the mortgaged premises were sold by a master of

the court to Obid Hurlburd, one of the complainants, for one hundred dollars, at public auction, on July 28, 1841, pursuant to notice thereof as required by law, and that the master thereupon executed a deed of the said mortgaged premises to the purchaser, of all of which report was made by the master to the court, which was endorsed as follows: "July 10th, 1841, confirmed. By the court."

And by the said statement it was agreed and admitted that the words "*By the Court*," signed to all the said orders and decrees, &c, were in the proper hand writing of the Hon. A. G. Miller, who was judge of the said District Court of the territory during the whole of the time wherein such proceedings were had.

On the 4th day of Nov., 1853, John W. Freelove, the defendant, filed in the Circuit Court of Racine county, his petition for a re-hearing, setting forth substantially the mortgage and description of the premises as set out in the bill of complaint. That the petitioner purchased the lands described therein, of the government of the United States; that he had been several years in the possession and occupation of the premises, which had been improved by him; that the said mortgage of $400 to the said Wade was the only encumbrance upon the premises; that for some time previous to the time of the execution of the said mortgage, and until about the 20th of April, 1839, he cultivated and occupied the said premises, but that soon after he left the State of Wisconsin and remained absent therefrom until August, 1847, when he returned; that during his absence he knew nothing of the matters connected with the said premises, or the legal proceedings in relation thereto; during which

time he supposed and believed the said mortgage had been paid and satisfied in accordance with arrangements made therefor previous to his departure ; that previous to his departure, or at the time of leaving, he made arrangements with one Israel Shreeves, of Erie, Penn., his brother-in-law, to go to the territory of Wisconsin and pay the mortgage aforesaid in his behalf, which Shreeves agreed to do, in consideration whereof he agreed to convey to said Shreeves a portion of said premises : and that about the same time the said petitioner made a further agreement with Chandler Freelove, his brother, to come to Rochester, in said territory, and to take and hold possession of the remainder of said premises for the petitioner ; that after making such arrangements, he went to the State of New Jersey, and from thence into other Southern States, until the time of his return to Wisconsin in the month of August, 1847 ; and during all the time of his absence he believed that the arrangements so made by him had been fully carried out.

And the petition further sets forth that in the month of May, 1840, the said Shreeves and Chandler Freelove, in pursuance of the agreement aforesaid, came to the territory of Wisconsin for the purpose of paying said mortgage, and taking possession of the said premises ; that they called upon the said complainants who had become the owners of said mortgage, and stated to them that the said Shreeves was then and there prepared to pay and take up said mortgage, and was then authorized so to do by the petitioner, and had agreed with him to that effect, and that he was then ready and offered to pay the amount due thereon ; that thereupon the said Hillard S·

Hurlburd then and there did falsely and fraudulent-ly inform the said Israel Shreeves and Chandler Free-love, and gave them to understand that he then had mortgages on said premises given by the petitioner, to the amount of $2,600.00 (specifying several mort-gages,) and that it would be no use for said Shreeves to pay said mortgage unless he was prepared to pay the others, amounting to $2,600.00, and by persistence in such false and fraudulent representations the said Shreeves and Freelove were induced to believe them to be true, and in consequence of such belief of such representations, which were in fact false and untrue, they were deterred from paying the said mortgage' and returned to their respective abodes in the East-ern States.

The petition further sets forth that the said com-plainants gave out and caused to be circulated that they held other mortgages on said premises, for the purpose of preventing any one from redeeming said premises, or purchasing them on sale, all of which representations were untrue.

Other matters were set forth in the petition which it is not necessary to enumerate. These are the main facts of the case as disclosed by the record, though not all, but as the remainder are of the same general character, and fall within the same principles which govern the decision in the case, it is not necessary to detail them more at length.

The petition also states that divers persons had intended to attend at such sale, and others attended for the purpose of bidding, but were deterred there-from by the false and fraudulent representations of the complainants aforesaid ; and that in consequence competition at such sale was prevented, and the com-

plainant, H. S. Hurlburd, became the parchaser for the sum of $100, while the premises were worth at the same time, at least $2,000. That all of said pretences and representations were false, and that there were no other encumbrances upon the premises save the mortgage aforesaid. That the rents, issues and profits have been enjoyed by said complainants since said sale, and are of the value of $100 per annum.

The petitioner prays for a re-hearing; that the order of appearance and all subsequent proceedings be set aside or opened, and that he be allowed to appear, answer and defend, &c., upon terms; offering to pay all such sums for principal and interest as may be due upon said mortgage. And also for permission to file a cross bill for an account and settlement for the rents, issues and profits of the premises, &c.

At the April term, 1854, of the said Circuit Court, the counsel for the complainants moved the court to dismiss the petition aforesaid, which motion, after argument, was overruled by the court, and the complainants appealed.

On the part of the appellant, it was contended, among other things, that the court below erred in overruling the motion to dismiss the petition, because the petition prays for a re-hearing, and sets forth matter which does not appear in and by the pleadings and decree; thus making a case different from that which appears upon the record. That the decree had been duly signed and enrolled; and the petition setting up new facts, or facts discovered since publication passed, or which transpired since decree, the remedy is by supplemental bill in the nature of a bill of review, and not by re-hearing. The alleged fraud in procuring the decree, as well as the fraud

alleged to have been practiced at the sale, are mat-<sub>ters</sub> to be established by proof,' and are traversable, and hence constitute no cause for a re-hearing.

On the part of the appellee it was insisted, that the alleged decree in this cause was never perfected so as to become the foundation of ulterior proceedings ; that it was never signed by the chancellor or judge ; never enrolled, and that it was irregular to record it ; that it did not authorize a sale of the mortgaged premises, and all proceedings subsequent to it were irregular, contrary to the statute and void, and the petition being filed to correct the mistake, it should have been entertained. The words "By the Court," without the signature of the judge, are of no force or validity,' and without such signature no order or decree is valid ; and the rights of the petitioner cannot be prejudiced by the subsequent proceedings of the complainants under such irregular and void decree.

*H. T. Fuller & W. P. Lyon*, for the appellant.

*John W. Carey*, for the appellee.

*By the Court*, WHITON, C. J. We think that the order made by the court below, overruling the motion to dismiss the petition for a re-hearing, must be reversed.

If, as is claimed by the petitioner, no valid decree was made by the District Court, in the foreclosure suit, no re-hearing is necessary, as nothing has been done which has prejudiced his rights. He still has the right to redeem by paying the sum actually due upon the mortgage.

If the decree is valid, we see no reason for setting

it aside and granting a re-hearing, as it is not pretended but that there was actually due upon the mortgage the sum for which the decree was made. If a re-hearing should be ordered, the result would be, that another decree would be made for the same amount as the one already rendered, with interest added, less perhaps the value of the rents and profits of the land while it has been in the possession of the respondents.

The injury complained of by the petitioner, resulted from the false representations made by Hillard S. Hurlburd as to the amount necessary to remove the incumbrances upon the land, which prevented Shreeves and Chandler Freelove from paying the sum actually due upon the mortgage, and thus preventing a foreclosure. This is no cause for granting a re-hearing.

If the petitioner has any remedy, he has entirely misconceived it, as it is apparent that he can obtain it only by a bill setting up the fraud complained of, if the decree of the District Court is valid, and if it is a nullity, by taking the proper measures to redeem.

The order of the Circuit Court is reversed.